46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wesley Allen DORROUGH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-7071.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Wesley Allen Dorrough was convicted of various drug-related charges and sentenced to a total prison term of 295 months. His conviction and sentence were affirmed by this court on direct appeal. See United States v. Dorrough, 927 F.2d 498, 501-02 (10th Cir.1991). Defendant now appeals the district court's denial of his motion brought pursuant to 28 U.S.C. 2255, raising three grounds for relief. We have jurisdiction under 28 U.S.C. 1291.
 
 
 4
 In his 2255 motion, defendant alleged that he was the victim of an illegal search and seizure, that there was no probable cause to issue a search warrant, that his trial counsel was ineffective, that a change in the law warrants recalculation of his sentence, and that he was unconstitutionally prosecuted in federal court instead of in state court. The district court concluded that the trial court and this court had already rejected defendant's claims of improper search and seizure and further held that defendant could not be allowed to raise the same issues under the guise of ineffective assistance of counsel. The district court did not address defendant's choice of forum argument. It did, however, refuse to recalculate defendant's sentence.
 
 
 5
 On appeal, defendant reasserts that his trial counsel was ineffective, that his constitutional rights were abridged when he was prosecuted in federal court as opposed to state court, and that his sentence should be recalculated. We affirm in part and reverse in part.
 
 
 6
 Defendant claims that the officers involved in his case were dishonest and reckless in preparing the search warrant affidavit, and that his trial counsel should have established that fact, or at least challenged the affidavit on that basis. In order to establish that he was denied effective assistance of counsel, defendant must prove that his counsel's performance was deficient when compared to existing professional standards and that such deficiency operated to his prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Prejudice is shown "by demonstrating that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)(quoting Strickland, 466 U.S. at 694).
 
 
 7
 Here, defendant has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Our review of the pleadings filed by trial counsel and of his conduct during the suppression hearing reveals that defendant suffered no prejudice from his counsel's representation because counsel adequately raised and contested the sufficiency of the affidavit prior to trial. Further, we note that counsel vigorously raised other aspects of a Fourth Amendment challenge to the warrant in his pretrial representation of defendant. Basically, defendant is simply attacking the tactical decision of his attorney, an avenue which will not serve to establish an ineffective assistance of counsel claim without a showing of prejudice. See United States v. Miller, 907 F.2d 994, 1000 (10th Cir.1990). While defendant points to small inconsistencies in the affidavit, review of the affidavit as a whole does not support defendant's contention that it was the result of deceit and recklessness on the part of the arresting officers and that his counsel was ineffective in his handling of this matter.
 
 
 8
 Defendant's second issue, the alleged unconstitutionality of prosecuting him in federal court, is without merit. See United States v. Langston, 970 F.2d 692, 699 (10th Cir.), cert. denied, 113 S.Ct. 439 (1992).
 
 
 9
 The government concedes that, because of changes to comment n. 1 to section 2D1.1 of the United States Sentencing Guidelines, defendant's sentence may warrant recalculation. The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED in part and REVERSED in part and this case is REMANDED for further action in accordance with this order and judgment. The mandate shall issue forthwith.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470