**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WESLEY ALLEN DORROUGH,

Defendant-Appellant.

No. 97-7137
(D.C. No. 97-CV-271-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Wesley Allen Dorrough was convicted by a jury on counts of drug conspiracy, interstate travel in aid and promotion of a drug offense, attempt to manufacture Schedule II controlled substances, and possession of a Schedule II controlled substance with intent to manufacture amphetamine. Because the arresting officers seized ninety-four liters of a liquid mixture containing P2P, the district court calculated petitioner's base offense level at thirty-four and sentenced petitioner accordingly. This court affirmed the convictions and sentence on direct appeal. See United States v. Dorrough, 927 F.2d 498 (10th Cir. 1991).

On appeal of the denial of petitioner's second § 2255 motion,[1] this court remanded the case to the district court for a determination of whether petitioner was entitled to a sentence reduction based on an amendment to commentary n.1 to § 2D1.1 of the United States Sentencing Guidelines (USSG). See Dorrough v. United States, No. 94-7071, 1995 WL 43595, at **2 (10th Cir. Feb. 2, 1995).[2]

---

[1] Petitioner's second § 2255 motion was filed in October 1992, well before the enactment of the Antiterrorism and Effective Death Penalty Act.

[2] At the time of petitioner's original sentencing, a footnote in the drug quantity table provided "the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." USSG § 2D1.1(c), (n.*) (1989). In 1993, comment. (n.1) was amended to provide: "Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used." USSG, App. C, amend. 484. Sentencing courts have discretion to apply the amendment retroactively. See USSG

(continued...)

-2-

On remand, the district court refused to recalculate petitioner's sentence, and this court affirmed. See United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996).

After the failure of the direct appeal of his resentencing, petitioner filed his third § 2255 motion which is the subject of this appeal.[3] In his motion, petitioner charges that he received ineffective assistance of counsel during the resentencing proceedings. We disagree.

In order to establish that he was denied effective assistance of counsel, petitioner must prove that his counsel's performance was deficient when compared to existing professional standards and that such deficiency operated to his prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Prejudice is shown "by demonstrating that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 694). Here, petitioner has failed to overcome the "strong

---

[2](...continued)
§ 1B1.10(a) &(c).

[3]     This third § 2255 motion, filed after the enactment of AEDPA, is not a successive petition under that Act because the claims raised in it are based on ineffective assistance of the appointed counsel who represented petitioner after this court remanded a portion of petitioner's second § 2255 petition. This ineffective assistance claim did not exist when the first two § 2255 motions were filed and thus cannot be the basis of a successive petition. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland , 466 U.S. at 689.

In his brief, petitioner identifies several arguments he claims his counsel failed to make on his behalf during the resentencing. Our review of the sentencing memorandum prepared by petitioner's counsel, however, reveals that all but one of the arguments urged by petitioner were ably presented by his counsel. See R. Vol. I, tab 3, attachment 5. While counsel did not object to a statement in the addendum to the presentence report in which the probation officer argued that waste water had already been taken into account in the Sentencing Guidelines despite the new amendment, we are convinced that this strategic decision by counsel did not affect the outcome of petitioner's case. See Strickland , 466 U.S. at 694 (requiring petitioner to show that results of proceeding would have been different).

Finally, petitioner argues that the district court accepted the second addendum to the presentence report without making any factual findings. Rule 32(c)(1) of the Federal Rules of Criminal Procedure requires, *inter alia* , that a sentencing court make findings as to each matter in a presentence report controverted by the defendant. Specifically, petitioner argues that the court did

not make a factual finding regarding the actual amount of P2P in the 94 liters of seized material. [4]

We are hampered in deciding this issue by the fact that petitioner did not include any transcripts or other record of the resentencing in the materials submitted with this case. Nor did he include a copy of the complete presentence report. We note, however, that in affirming the district court's refusal to recalculate petitioner's sentence, we quoted the district court's statement after it had conducted the resentencing hearing:

> You argue that 91 liters of P2P seized at your clandestine laboratory contained waste water that would need to be separated from the controlled substance before it could be used. Upon further review, the Court finds that you were in the process of manufacturing amphetamine when authorities seized the laboratory. The P2P that formed the basis of original offense level computations is a controlled substance recognized as an immediate precursor to the production of amphetamine. The guidelines take into account a percentage of waste in P2P evidenced by the sizeable decrease in drug equivalency ratios.
>
> The Court adopts by reference the second addendum to the Presentence Report, and I find by a preponderance of the evidence that offense level computation based on 91 liters of P2P is reasonable and proper.

United States v. Dorrough, 84 F.3d at 1310. We find this statement adequate to discharge the district court's duties under Rule 32(c)(1).

---

[4] A petitioner may raise the failure to comply with Rule 32(c)(1) in a § 2255 motion even when the issue has not been raised on direct appeal. See United States v. Gattas, 862 F.2d 1432, 1434-35 (10th Cir. 1988).

Petitioner's application for a certificate of appealability is DENIED, and this appeal is DISMISSED.

Entered for the Court


James E. Barrett
Senior Circuit Judge