**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY ALLEN DORROUGH,

Defendant - Appellant.

No. 99-7077
(D. Ct. No. 89-CR-21-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.     See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Dorrough appeals from an order of the district court denying his

motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Defendant appeals on the ground that the district court erred in refusing to modify

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his sentence on the basis of Amendment 484 to the United States Sentencing Guidelines. We AFFIRM.

Defendant has appealed to this court several times. He originally appealed his conviction and sentence after a jury trial where he was found guilty of several counts related to the manufacturing and distribution of amphetamines. We affirmed. United States v. Dorrough, 927 F.2d 498, 500-02 (10th Cir. 1991). In that appeal, defendant contended that the waste products of an on-going amphetamine manufacturing process should not be included in calculating his base offense level. Id. at 502. We rejected that claim. Id.

In 1991, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court, upon the recommendation of a magistrate judge, denied that motion. On appeal to this court, we found that defendant had not been denied effective assistance of counsel. Dorrough v. United States, No. 94-7071, 1995 WL 43595, at *1 (10th Cir. Feb. 2, 1995). However, we remanded defendant's case to the district court for a determination whether Amendment 484 to the United States Sentencing Guidelines warranted recalculation of his sentence. Id. at *2. On remand, the district court considered the sentencing guideline amendment and declined to disturb the sentence previously imposed. Defendant Dorrough appealed that determination, and we affirmed. United States v. Dorrough, 84 F.3d 1309, 1310-12 (10th Cir.), cert. denied, 519 U.S. 987

(1996).

In 1997, defendant filed another motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In that case, defendant asserted that his attorney at resentencing was ineffective for several reasons. The district court denied both defendant's motion and a certificate of appealability. We also denied defendant a certificate of appealability and dismissed the appeal.

Defendant then filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant again sought to have the district court recalculate his sentence by applying Amendment 484 to the sentencing guidelines. The district court denied the motion on the ground that the sentencing issue had already been raised and rejected by the district court and by this court in prior proceedings. We agree.

We review the district court's decision whether to reduce defendant's sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994). The issues raised by defendant in this appeal are exactly the same issues that he has raised in various ways in several appeals to this court. When we remanded this case, the district court considered the relevant 18 U.S.C. § 3553(a) factors and rejected defendant's argument that his sentence should be recalculated in light of Amendment 484. See United States v. Dorrough, 84 F.3d 1309, 1310-12 (10th Cir.), cert. denied, 519 U.S. 987

(1996).  On appeal, we found that the district court did not abuse its discretion in refusing to recalculate defendant's sentence.  Id. at 1311-12.  Similarly, we find that the district court did not abuse its discretion in denying defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is admonished that the issues he raised before the district court and in this appeal are, though cast slightly differently, the same arguments that he raised in his previous case.  No further filings regarding defendant's sentence will be allowed without leave of the district court.  AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge