53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Stuart DURFEE, Defendant-Appellant.
 No. 94-1252.
 United States Court of Appeals, Tenth Circuit.
 May 3, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Durfee, appearing pro se and in forma pauperis, appeals from the district court's denial of his motion for modification of sentence pursuant to 18 U.S.C. 3582(c)(2). He contends that the district court should have reduced his sentence pursuant to Amendment 484 of the Sentencing Guidelines which modified application note 1 to U.S.S.G. 2D1.1, effective November 1, 1993. U.S.S.G. app. C., amend 484. The amended note provides that "mixture or substance" as used in 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance may be used." U.S.S.G. 2D1.1, comment. (n.1) (Nov. 1, 1994). The amendment is available retroactively. U.S.S.G. 1B1.10(c).
 
 
 2
 The district court denied the motion because Mr. Durfee had stipulated in the plea agreement that a test by the Colorado Bureau of Investigation revealed the quantities used in sentencing. I R. doc. 2; I R.S. doc. 3 at 2. Our review would be under the deferential abuse of discretion standard, United States v. Telman, 28 F.3d 94, 96 (10th Cir.1994), however, we are persuaded that we lack jurisdiction over this appeal.
 
 
 3
 After the denial of the motion, Mr. Durfee sought reconsideration, raising for the first time ineffective assistance of counsel. The district court's minute order denying the motion for reconsideration was entered on the docket on May 13, 1994. Mr. Durfee had ten days to appeal the denial of the original motion and the motion for reconsideration. See Fed. R.App. P. 4(b); United States v. Ibarra, 502 U.S. 1, 6 (1991) (initial order of district court does not become final until denial of motion for reconsideration). Mr. Durfee's notice of appeal was filed on May 27, 1994, outside the 10-day time limit for criminal appeals.
 
 
 4
 Although the Supreme Court has held that a notice of appeal will be deemed filed when posted within the prison mail system, Houston v. Lack, 487 U.S. 266, 274 (1988), this court has declined to apply the rule when the regular mail system, albeit in prison, is used. United States v. Leonard, 937 F.2d 494, 495 (10th Cir.1994). Although Mr. Durfee's notice of appeal lacks a certificate of service, his prior pleadings with the district court indicate that the regular mail system was used. I R. doc. 1 at 6, doc. 3 at 5. The government urges us to consider the appeal as timely as arising under 28 U.S.C. 2255; we decline to do so. Mr. Durfee plainly proceeded under 18 U.S.C. 3582(c)(2); his belated claim of ineffective assistance of counsel may have been rejected by the district court as not properly before it, see Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1285 (10th Cir.1988), and he may proceed under that claim in a 2255 petition if he so chooses.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument