BRORBY, Circuit Judge.
Defendant Wesley Allen Dorrough appeals his sentence under USSG § 2D1.1, comment, (n.l). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and we affirm.[1]
A jury convicted Mr. Dorrough of attempting to manufacture phenyl-2-propa-none (“P2P”) and amphetamine, possession of P2P with intent to manufacture amphetamine, conspiring to manufacture, possess, and distribute amphetamine under 18 U.S.C. § 2 and 21 U.S.C. §§ 841 and 846 and traveling in interstate commerce in the aid and promotion of drug offenses. 18 U.S.C. §§ 2 & 1952. Under the version of the sentencing guidelines effective November 1, 1989, Mr. Dorrough was sentenced to 235 months incarceration. His sentence was calculated using the base offense level of 34. This base offense level was determined by multiplying the entire 94 liters of the liquid mixture which Mr. Dorrough was using to make P2P by its cocaine equivalency in accordance with the Sentencing Guideline’s Drug Equivalency Table, USSG § 2D1.1. At the time of his sentencing, a footnote in the drug quantity table provided “the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance.” USSG § 2Dl.l(c) comment, (n.*) (1989). In reliance on this language, the prosecution did not produce evidence regarding the precise amount of P2P contained in the liquid mixture. We affirmed Mr. Dorrough’s conviction and sentence. United States v. Dorrough, 927 F.2d 498 (10th Cir.1991).
On November 1, 1993, the Sentencing Commission approved Amendment 484 to USSG § 2D1.1, comment, (n. 1), which provides: “Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used.” USSG App.C, amend. 484. This subsequent modification, which could lower Mr. Dorrough’s guideline sentencing range, may be applied retroactively. USSG § lB1.10(a) & (e). Mr. Dorrough filed a motion pursuant to 28 U.S.C. § 2255 claiming, among other things, his sentence should be recalculated in light of Amendment 484. The district court denied his motion. He appealed the district court’s order and we remanded to the district court to determine whether Amendment 484 warranted recalculation of his sentence. Dorrough v. United States, No. 94-7071, 1995 WL 43595 (10th Cir. Feb. 2, 1995). On remand, the district court conducted a hearing and held:
You argue that 91 liters of P2P seized at your clandestine laboratory contained waste water that would need to be separated from the controlled substance before it could be used. Upon further review, the Court finds that you were in the process of manufacturing amphetamine when authori *1311 ties seized the laboratory. The P2P that formed the basis of original offense level computations is a controlled substance recognized as an immediate precursor to the production of amphetamine. The guidelines take into account a percentage of waste in P2P evidenced by the sizeable decrease in drug equivalency ratios.
The Court adopts by reference the second addendum to the Presentence Report, and I find by a preponderance of the evidence that offense level computation based on 91 liters of P2P is reasonable and proper.
Based on these findings, the sentence heretofore imposed will not be disturbed.
Mr. Durrough appeals this ruling claiming the district court erred in reimposing a sentence based upon the entire amount of mixture found at defendant’s laboratory, rather than upon the amount of P2P actually present within said mixture.
The retroactive application of a change in the offense level of the Sentencing Guidelines is not required by § lB1.10(a), but rather falls within the district court’s discretion. In United States v. Telman, 28 F.3d 94, 96 (10th Cir.1994), we noted “it is apparent from the language of § lB1.10(a)— i.e., ‘may consider’ — that a reduction is not mandatory but is instead committed to the sound discretion of the trial court.” See also United States v. Holmes, 13 F.3d 1217, 1222 (8th Cir.1994) (holding district court has discretion to apply Amendment 488 retroactively under lB1.10(a)); United States v. Connell, 960 F.2d 191, 197 (1st Cir.1992) (holding “l.B1.10(a) does not mandate the use of the lesser enhancement, but merely affords the sentencing court discretion to utilize it”). Under the abuse of discretion standard we will not reverse a district court’s decision unless we have “a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.” Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir.1994) (internal quotation omitted).
We also noted in Telman, that “[i]n determining whether to reduce a defendant’s sentence due to a subsequent amendment, 18 U.S.C.- § 3582(c) directs the district court to ‘consider[] the factors set forth in section 3553(a) to the extent that they are applicable’ and determine whether ‘reduction is consistent with the applicable policy statements issued by the Sentencing Commission.’ ” 28 F.3d at 96. See United States v. Avila, 997 F.2d 767, 768 (10th Cir.1993) (holding district court’s power to reduce a sentence in light of a subsequent modification to the sentencing guidelines “is tethered to the factors contained in § 3553(a)”). The factors to be considered under § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). There is no requirement that the district court make specific findings regarding each of the above factors as long as it states the reasons for its actions. United States v. Lee, 957 F.2d 770, 774-75 (10th Cir.1992) (internal quotation omitted).
In this case, the sentencing court reviewed Mr. Dorrough’s sentence in light of Amendment 484 and after considering the relevant factors found the amendment did not warrant a change in Mr. Dorrough’s sentence. See Telman, 28 F.3d at 97 (holding the district court did not abuse its discretion in failing to reduce defendant’s sentence when it considered .“a number” of the § 3553(a) factors). In particular the court noted the case involved a clandestine laboratory engaged in the process of manufacturing amphetamines, P2P is a controlled substance and that the guidelines take into account a percentage of waste in P2P as evidenced by a sizeable decrease in drug equivalency ratios. The district court also adopted the second addendum to the presentence report in its order. The second addendum recalculated the defendant’s sentence in accordance with the amendment and also provided an alternative means of sentencing, as provided by USSG § 2D1.1, comment, (n.l), which would *1312 result in Mr. Dorrough having the same offense level under the new guidelines as he had under the old. In light of the above record, we do not find the district court abused its discretion in refusing to modify Mr. Dorrough’s sentence.
The district court’s order is AFFIRMED.

. The panel commends attorneys Stephen J. Greubel, who appeared on behalf of the appellant, and Sheldon J. Sperling, who appeared on behalf of the appellee, for the quality of their oral arguments and their candor before the court.