**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DON E. McENTIRE,

Defendant-Appellant.

No. 96-2299
(D.C. No. CIV-95-597-JC)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

---

Appellant Don E. McEntire was convicted by a jury of conspiracy and possession with intent to distribute marijuana. This court affirmed the conviction on direct appeal. See United States v. Benavidez, Nos. 89-2285, 89-2252, 89-2185, 89-2166, 89-2224, 89-2165, 89-2158 and 89-2157, slip op. at 38 (10th Cir. Jan. 9, 1991). McEntire then filed a motion in the district court for reduction

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of sentence under 18 U.S.C. § 3582(c)(2), contending that amendment 439 to the United States Sentencing Guidelines (U.S.S.G.) supported such a reduction. McEntire argued that the amended definition of "relevant conduct" in U.S.S.G. § 1B1.3 lowered the base offense level applicable to his part in the conspiracy. The district court denied the motion, and McEntire appeals.[1]

Whether a change in the offense level of the U.S.S.G. is to be retroactively applied is left to the sound discretion of the district court. See United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996). "Under the abuse of discretion standard we will not reverse a district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. (quotations omitted). Our review of this matter reveals no abuse of discretion, and we affirm.

McEntire, a pilot, admits that in late August 1987 he helped load approximately 600 pounds of marijuana into an airplane, and that on September 22, 1987, he flew approximately 750 pounds of marijuana into the United States illegally. McEntire contends that his only other connection to the conspiracy, either before or after this activity, was his presence at a party in late

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

November 1987 which was also attended by other members of the conspiracy. Based on McEntire's continued association with other conspirators as late as November 1987, the district court attributed to him responsibility for distribution of 1,270.08 kilograms of marijuana and sentenced him accordingly.

Under the terms of 18 U.S.C. § 3582(c), a sentencing court may reduce a term of imprisonment after consideration of specific factors.[2] U.S.S.G. § 1B1.3 sets out the analysis for determining relevant conduct. Amendment 439, effective November 1, 1992, added new examples in the application notes which McEntire argues should entitle him to a reduction in his sentence. Specifically, McEntire points to the examples in Application Note 2(c) which address the "[r]equirement that the conduct of others be in furtherance of the jointly undertaken criminal activity and reasonably foreseeable" and also speak to the "scope of the criminal activity." Example 3 states:

---

[2]     18 U.S.C. § 3582(c)(2) provides:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendants H and I engaged in an ongoing marihuana importation conspiracy in which Defendant J was hired only to help off-load a single shipment. Defendants H, I, and J are included in a single count charging conspiracy to import marihuana. Defendant J is accountable for the entire single shipment of marihuana he helped import under subsection (a)(1)(A) and any acts and omissions in furtherance of the importation of that shipment that were reasonably foreseeable . . . . He is not accountable for prior or subsequent shipments of marihuana imported by Defendants H or I because those acts were not in furtherance of his jointly undertaken criminal activity (the importation of the single shipment of marihuana).

Example 5 states:

Defendant O knows about her boyfriend's ongoing drug-trafficking activity, but agrees to participate on only one occasion by making a delivery for him at his request when he was ill. Defendant O is accountable under subsection (a)(1)(A) for the drug quantity involved on that one occasion. Defendant O is not accountable for the other drug sales made by her boyfriend because those sales were not in furtherance of her jointly undertaken criminal activity (i.e., the one delivery).

McEntire argues that his conduct was completely consistent with these two examples in that he had already been replaced as the pilot for the enterprise at the time of the November party, and that he "in no way facilitated or attempted to conceal the criminal activities of the other defendants." Br. of Appellant at 13. He contends, therefore, the district court erred in not reducing his base offense level.

McEntire acknowledges that he did not affirmatively withdraw from the conspiracy, a concession required by the determination of this court on direct appeal. See Benavidez, slip op. at 33-34 (holding that McEntire's presence

-4-

during meetings with other co-conspirators during the month of November was sufficient evidence to support the trial court's determination that he remained a member of the conspiracy). He does argue, however, that the sentencing court erred in determining his relevant conduct within the conspiracy.

"[W]hen several defendants are convicted of conspiracy, the relevant conduct for purposes of sentencing is not necessarily the same for every participant." United States v. Torres, 53 F.3d 1129, 1143-44 (10th Cir. 1995) (quotations and citations omitted). "[T]he Guidelines require examination of the scope of the defendant's agreement to undertake joint activity and of the reasonable foreseeability of co-conspirators' criminal conduct." Id. at 1144 (quotation omitted). McEntire argues that the amounts of marijuana flown into this country after he had been replaced as the scheme's pilot were not within the scope of any activity he agreed to undertake with the others. McEntire, however, does not provide this court with any trial transcript or even the presentence report by which we can judge the merit of that assertion. The most relevant evidence going to this issue is a portion of the presentence report and the rather disjointed argument of the prosecutor at the sentencing hearing both reprinted in appellee's brief. See Br. of Appellee at 3-4. The presentence report reputedly stated that McEntire was present

> at the location where a meeting took place at which arrangements were [made] for the importation of marijuana on November 19 and

20, 1987. Further surveillance by Federal agents on November 3, 1987, reflected that McEntire was with Dominquez at the home of Phelps indicating continued association with codefendants involved in the offense. It is further noted that agents obtained information from Phelps['] trash on this date as to a marijuana shipment showing on going criminal conduct at the same time as the defendant is associating with the codefendants.

Id. at 3.

Even assuming that Amendment 439 can be retroactively applied, a question we do not reach, we are unable to determine from this brief excerpt the scope of McEntire's agreement to participate in the conspiracy. Since McEntire challenges the district court's factual finding regarding the amount of marijuana attributable to him, "it is not unreasonable to expect [him] to have included in the record on appeal all evidence relevant to that finding if he wishes to challenge it." Rogers v. United States, 91 F.3d 1388, 1394 (10th Cir. 1996), cert. denied, 117 S. Ct. 1000 (1997). We will therefore not set aside the finding of the district court concluding that McEntire's relevant conduct included the distribution of 1,270.08 kilograms of marijuana.

Finally, we note that the district court mistakenly docketed McEntire's motion in its civil docket as one brought under 28 U.S.C. § 2255. McEntire's motion, however, was brought pursuant to 18 U.S.C. § 3582 and is considered a criminal matter. The district court is directed to correct both its civil docket, by removing the reference to this matter as a 28 U.S.C. § 2255 case, and to correct

its criminal docket by including this case as a matter brought under 18 U.S.C. § 3582.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED, and this case is REMANDED to the District Court for the limited purpose described in the preceeding paragraph.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge