**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-7242**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE DOUGLAS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Patrick Michael Duffy, District
Judge.  (CA-03-1511; CR-93-92)

_____

Submitted:  December 19, 2003      Decided:  February 18, 2004

_____

Before LUTTIG, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Bruce Douglas, Appellant Pro Se.  Mark C. Moore, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bruce Douglas appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582 (2000), based upon a retroactive amendment to the United States Sentencing Guidelines.

In July 1993, Douglas was convicted of conspiracy to possess with the intent to distribute cocaine base, and four counts of distribution of cocaine base. Under the applicable section of the United States Sentencing Guidelines, his base offense level was determined to be 40. The corresponding Guidelines range was 292 to 365 months. Douglas was sentenced to 300 months imprisonment.

In 1994, the Sentencing Commission adopted Amendment 505, which reduced the maximum base offense level for Douglas' offense from 42 to 38. The amendment was made retroactively applicable under USSG § 1B1.10. Based on this amendment, Douglas filed a motion to modify his sentence. The district court denied his motion.

The decision to reduce a sentence based on an amendment to the sentencing guidelines is discretionary. 18 U.S.C. § 3582(c)(2) (2000); United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000). Thus, the district court's decision not to reduce Douglas' sentence is reviewed for an abuse of discretion. See United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996). Douglas contends that in denying his motion for a reduced sentence,

- 2 -

the district court impermissibly relied upon his unwillingness to cooperate with the Government and his refusal to testify at trial. However, there is nothing in the record to indicate that the district court relied on Douglas' uncooperativeness and his refusal to testify. Instead, the record indicates that the district court considered the relevant factors listed in section 3553, and declined to grant Douglas a modified sentence on the basis of those factors. See 18 U.S.C. § 3553(a) (2000) (providing a list of relevant factors the district court must consider in every sentencing). Accordingly, we find no abuse of discretion. <u>Dorrough</u>, 84 F.3d at 1311.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>