**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMOND HOWARD HICKMAN,

Defendant-Appellant.

No. 05-6391

(D.C. No. CR-93-175-R)

(W. D. Okla.)

**ORDER AND JUDGEMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Appellant Raymond Howard Hickman was convicted by a jury of one count of conspiracy to possess with intent to distribute and to distribute cocaine powder and/or cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846, three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), three

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of distribution of cocaine to a person under age twenty-one in violation of 21 U.S.C. § 859. Appellant was originally sentenced in the aggregate to life imprisonment. This was reduced to 232 months following multiple resentencings and at least one government-filed motion for sentence reduction pursuant to Federal Rule of Criminal Procedure 35.

Appellant now appeals the denial of his most recent motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). This motion appears to be identical to one previously rejected on the merits by the district court on September 17, 2003, the appeal from which was denied by this court for untimeliness. Accordingly, the district court noted that Appellant's motion was merely "an attempt to 'revive' his appeal rights" and denied the motion. Order of Sept. 17, 2003, Doc. 833 at 1.

As Appellant is proceeding *pro se*, we liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). The district court's decision to deny a reduction in a sentence under § 3582(c)(2) is a discretionary one, which we review for abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). We review the district court's interpretation of the sentencing guidelines and other legal issues de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

The crux of Appellant's argument is that Amendment 591 to the Sentencing

Guidelines requires a reduction in sentence. Appellant claims he received a one-point enhancement on his §§ 841(a)(1) and 846 convictions under § 2D1.2.

In November 2000, Amendment 591 was promulgated to resolve a circuit split

> regarding whether the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual.

U.S. Sentencing Guidelines Manual app. C, amend. 591. Following Amendment 591, the enhanced penalties under § 2D1.2 were to be applied "only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual . . . or in a case in which the defendant stipulated to such a statutory violation." U.S. Sentencing Guidelines Manual § 2D1.2, cmt. n.1.

The district court's denial of Appellant's first motion for reduction of sentence cogently explains the grouping of Appellant's convictions under § 3D1.2(d) and resulting base offense level determination. We see no need to repeat that exercise here. It is sufficient to note that Appellant's sentence was not "enhanced." Regardless, Amendment 591 does not apply to Appellant's case as illustrated in great detail by the district court in its order.

We have carefully reviewed the parties' briefs, the voluminous record, the

myriad sentencing decisions, and the district court's orders on the present issue. For substantially the same reasons as laid out by the district court in its two orders, we **AFFIRM** the denial of the motion for reduction of sentence. Appellant's motion to proceed *in forma pauperis* on appeal, however, is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge