**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALTON RAY NELSON, JR.,

      Defendant-Appellant.

No. 08-6076
(D.C. No. CR-03-145-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Defendant Alton Ray Nelson, Jr., was originally sentenced in 2004 for

possession with intent to distribute crack cocaine.  Following the Sentencing

Commission's 2007 amendment of the crack cocaine-related Sentencing

Guidelines, Nelson sought and was granted a modification of his sentence

pursuant to 18 U.S.C. § 3582(c)(2).  The court reduced his sentence by twelve

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months, although Nelson requested a more significant reduction of thirty-three months, to the minimum under the amended guideline range. Nelson now appeals his modified sentence, claiming the district court erred when it denied his request to modify his sentence to the minimum under the amended guideline range without giving any reasons supporting its decision. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and remand for re-sentencing, because the district court erred by failing to give a reasoned explanation for the modified sentence it ordered.

Background

On August, 28, 2003, Nelson entered a plea of guilty to a single count of possession of crack cocaine with intent to distribute. A federal probation officer then prepared a presentence report (PSR) utilizing the 2002 Edition of the United States Sentencing Commission Guidelines Manual. Based on Nelson's purchases, over the course of a year, of cocaine that he converted to crack cocaine for distribution, the PSR determined that Nelson was accountable for 283.5 grams of cocaine base, resulting in a base offense level of 34. The PSR recommended that no adjustments were warranted, and thus the total offense level was also 34. That offense level, combined with Nelson's criminal history category of II, resulted in a mandatory guideline imprisonment range of 168 to 210 months. On January 30,

2004, the district court sentenced Nelson to a term of imprisonment of 168 months.[1]

On March 6, 2008, Nelson filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2) asking the district court to modify his sentence, based on Amendment 706. "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007, and was made retroactive as of March 3, 2008." United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008).

Nelson's motion noted that, under the amended guidelines for crack cocaine-related offenses, his guideline range would be 135 to 168 months. Accordingly, Nelson requested the district court modify his sentence "to 135

---

[1] Nelson did not file a direct appeal. On January 27, 2005, however, his attorney filed a motion under 28 U.S.C. § 2255, arguing that his sentence violated United States v. Booker, 543 U.S. 220 (2005), and requesting "that the court . . . re-sentence him to a more reasonable sentence." (R. doc. 304.) The district court denied the motion on February 1, 2005, and Nelson did not attempt to appeal the denial of his § 2255 motion. But ten months later, on December 12, 2005, Nelson filed a pro se pleading for leave to supplement the record of his § 2255 motion. The district court denied the motion on December 15, 2005, and Nelson filed a notice of appeal on February 9, 2006. This Court treated Nelson's pleading as a second motion for habeas relief under § 2255, and vacated the district court's ruling because the district court lacked subject-matter jurisdiction because a second § 2255 motion had to have been certified by this Court. See United States v. Nelson, 465 F.3d 1145 (10th Cir. 2006). This Court then proceeded to consider and deny Nelson's implied application for leave to file a second § 2255. See id. at 1149.

months imprisonment, or any further reduced term of imprisonment the Court deems fair and appropriate." (R. doc. 367 at 1.)

Nelson's motion also noted that "§ 3582(c)(2) directs the district court to 'consider[] the factors set forth in section 3553(a) to the extent that they are applicable' and determine whether 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" (R. doc. 367 at 4.) Nelson requested the court to consider several issues as they relate to the § 3553(a) factors:

> (1) The instant offense is [sic] a nonviolent offense which was committed when Petitioner was a young man;
> (2) the Petitioner is a high school graduate who attended Langston University for two years on a scholarship. While Petitioner did sell drugs, history of drug dealing should not be used as a standard by which to gauge the direction Petitioner will take in the future. Petitioner has continued his education since his incarceration and has participated in numerous programs with the goal of rehabilitating himself so that he may lead a productive and constructive life outside of prison, see Attachment A (hereto)[2];
> (3) the only type of sentence available to Petitioner is a sentence of imprisonment to be followed by a term of supervised release. The modified sentence requested by Petitioner would satisfy the type of sentence available to him;
> (4) . . . In light of the fact that the Court imposed a term of 168 months (low-end) under the pre-Amendment guidelines, Petitioner urges the Court to impose a term of 135 months (low-end) under the amended guidelines; and
> (5) the Court is further urged to consider that one of the prevailing reasons for the amendment to the Drug Quantity Table was to lessen the disparity in the punishment between cocaine base defendants and cocaine hydro-chloride defendants. Petitioner would

---

[2] Attachment A listed education courses that had been successfully completed. (R. doc. 367 at 6.)

- 4 -

ask the Court to operate with a view toward lessening that disparity when considering him for a sentence modification.

(R. doc. 367 at 4-5) (footnote added).

The district court appointed counsel to represent Nelson, and on March 24, 2008, appointed counsel and the government filed a "joint motion for reduction of sentence and brief in support."  The motion stated that "[t]he parties agree that Amendment 706 to the United States sentencing guidelines is applicable to this case and authorizes the Court to consider a reduction of defendant's sentence." (R. doc. 372 at 1.)  It continued, "[t]he parties have reviewed the 'Preliminary Report for Consideration of Sentence Reduction' prepared by the United States Probation Office and adopt the accuracy of the report's revised guideline calculation which would reduce the total offense level to 32 with a resulting guideline range of 135 to 168 months."[3] (Id.)  "Based on the foregoing, Mr. Nelson . . . request[ed] imposition of sentence at the low end of the guideline range, 135 months . . . ."  (Id. At 2.)  The government did not object to Nelson's request for a sentence at the low end of the guideline range.

---

[3] The Preliminary Report, prepared by the United States Probation Office in response to Nelson's motion seeking a reduction in sentence, concluded that Nelson was eligible for a modification of his sentence based on Amendment 706. The Report also provided information on Nelson's Institutional Adjustment, indicating three separate infractions leading to administrative sanctions, as well as four Educational Programs in which defendant had participated in while incarcerated.  The Preliminary Report did not include a recommendation on Nelson's motion to modify his sentence.

On March 25, 2008, the district court entered an order granting Nelson's motion, and reducing the sentence to 156 months. The district court did not conduct a hearing on Nelson's motion and did not provide any reasons for the decision to reduce the sentence to 156 months, in the middle of the amended guideline range of 135 to 168 months. Nelson now timely appeals the district court's denial of his request to modify his sentence to 135 months.

Discussion

On appeal, Nelson argues that the district court erred in failing to consider § 3553(a) factors, as required by § 3582(c)(2), and in failing to state reasons supporting its decision on Nelson's motion to modify his sentence. Nelson argues that this is an abuse of discretion of the district court's authority in a resentencing proceeding, and that the district court denied Nelson due process because he was unable to address the factors that influenced the district court's concerns. The government argues that because the district court decided to exercise its discretion to modify Nelson's sentence, it had necessarily considered the relevant sentencing factors, and the government appears to implicitly argue that the Preliminary Report provided support for the district court's decision.

We review a district court's decision to modify a sentence pursuant to 18 U.S.C. § 3582(c)(2) under an abuse of discretion standard. See United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996), United States v. Telman, 28 F.3d

94, 97 (10th Cir. 1994); United States v. Williams, No. 08-5014, 2008 WL 3861175 at *1,(10th Cir. Aug. 15, 2008) (unpublished). We review a court's interpretation of the Guidelines and other legal issues de novo. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).

The retroactive application of a change in the offense level pursuant to Amendment 706 authorized, but did not require, the district court to modify Nelson's sentence. See 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowed by the Sentencing Commission pursuant to 28 U.S.C. § 944(o) . . . the court may reduce the term of imprisonment . . . .") (emphasis added); see also United States v. Vaultier, 144F.3d 756, 760 (11th Cir. 1998) (Under § 3582(c)(2) "the district court is not required to reduce the defendant's sentence.).[4]

In determining whether to reduce a defendant's sentence due to a subsequent amendment, 18 U.S.C. § 3582(c) directs the district court

---

[4] We note that the district court's discretion to modify a defendant's sentence is cabined by the current version of U.S.S.G. § 1B1.10, "which has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range. Because this policy statement is binding on district courts pursuant to § 3582(c)(2), the district court . . . lack[s] authority to impose a modified sentence that [falls] below the amended guideline range." United States v. Rhodes, __ F.3d ___, 2008 WL 5102247, *7 (10th Cir. 2008).
The parties' arguments regarding the district court's discretion to modify below the guidelines, which Nelson recognized "is not dispositive of the core question presented in this appeal" (Aplt. Reply Br. at 2), was recently decided by this Court, see id., and merits no further discussion.

to "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" and determine whether "reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

Telman, 28 F.3d at 96.[5]  The factors to be considered under § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed (to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide the defendant with needed occupation or vocational training); (4) the kinds of sentences available; (5) the applicable sentencing range under the guidelines; (6) any pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentence disparities among Defendants; and (8) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

The district court is required, at a minimum, to state the reasons for its action on defendant's motion pursuant to § 3582(c)(2).  See Dorrough, 84 F.3d at

---

[5] Section 3582(c) provides, in pertinent part:

[t]he court may not modify a term of imprisonment once it has been imposed except that – . . .  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1311 ("There is no requirement that the district court make specific findings regarding each of the [§ 3553(a)] factors as long as it states the reasons for its actions.") (emphasis added). "[A]nd it goes without saying that the reasons provided by the court must have some correlation to the statutory factors set forth in § 3553(a)." Dorrough, 84 F.3d at 1313 (Ebel, J., concurring) (citing United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993) (holding district court's power to reduce a sentence in light of a subsequent modification to the sentencing guidelines "is tethered to the factors contained in § 3553(a)").

Although the district court is not required to make specific findings as to each sentencing factor, the record does not indicate that the district court considered the relevant § 3553(a) factors, nor does the record indicate the reasons for the court's decision to modify Nelson's sentence. The district court's order, issued on the AO-247 form "order regarding motion for sentence reduction," makes no mention of the relevant sentencing factors or the basis for the court's decision to reduce Nelson's sentence by only a fraction of the requested modification.

"A district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 518 U.S. 81, 100 (1996). Here, the district court abused its discretion because it committed an error of law – it failed to state the reasons for its decision as required under § 3582(c)(2). Furthermore, because the record does not include the reasons for the decision, we lack a meaningful basis

for reviewing the district court's consideration of the relevant factors. <u>See</u> <u>United States v. Tidwell</u>, 178 F.3d 946, 948 (7th Cir. 1999) (quoting previous unpublished order remanding case for resentencing because the record did not provide reasons for decision denying § 3582(c)(2) motion). This point is made abundantly clear by the government's argument that even though the district court did not explain its reasons for decision, there is no indication of an abuse of discretion because Nelson "has failed to identify any specific factors that the district court should have but failed to consider or factors that the court improperly considered." (Aple. Br. at 15.) It is precisely because the district court failed to provide its reasons for decision or what factors it considered, that it is impossible for Nelson to identify any specific factors that the district court should have but failed to consider or factors that the court improperly considered. Without such information we lack a meaningful basis for determining whether the district court abused its discretion in deciding how much to reduce Nelson's sentence.[6]

Therefore, we REMAND to the district court to consider whether to grant a greater reduction in Nelson's sentence in light of the relevant § 3553(a) factors, and to state its reasons for whatever sentence it decides to impose. The district

_____

[6] Because we agree with Nelson that the district court abused its discretion under § 3582(c)(2) by failing to consider the § 3553(a) factors and state reasons supporting its decision on Nelson's motion to modify his sentence, it is unnecessary for this Court to address Nelson's due process claim.

court is authorized to vacate Nelson's sentence and impose a new sentence should

it decide upon remand that a different sentence is more appropriate.[7]


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[7] On remand, we stress that the district court does not have an obligation to reduce Nelson's sentence to the minimum of the amended guideline range simply because Nelson was originally sentenced at the bottom of the prior mandatory guideline range – this decision obviously rests squarely in the district court's discretion.