

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Robert Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2958

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Robert Johnson" (2009). *2009 Decisions*. Paper 1676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2958

———————

UNITED STATES OF AMERICA

v.

ROBERT JOHNSON,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-05-cr-00409-1)
District Judges: Honorable Thomas I. Vanaskie

———————

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

———————

Before: RENDELL, AMBRO, and JORDAN, Circuit Judges

(Opinion filed: March 26, 2009)

———————

OPINION

———————

AMBRO, Circuit Judge

Robert Johnson pled guilty to one count of conspiracy to possess with the intent to

distribute crack cocaine in violation of 21 U.S.C. §§ 841 and 846. In April 2007, the

District Court sentenced him to 54 months' imprisonment. In 2008, he filed a motion

pursuant to 18 U.S.C. § 3582(c)(2) ("Modification of an imposed term of imprisonment") to reduce his sentence in light of Amendment 706 to the U.S. Sentencing Commission Guidelines (the "crack amendment," effective November 2007). The crack amendment applies retroactively and generally reduces base offense levels in crack cocaine cases by two levels. *See generally United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008) (discussing that the crack amendment became retroactive on March 3, 2008). The District Court denied the motion. Thereafter, Johnson lodged this appeal.[1] He argues that the District Court erred by improperly treating Guidelines § 1B1.10(b)(2)(B) as mandatory, rather than as advisory, in denying his motion.

We review *de novo* a district court's interpretation of the Sentencing Guidelines. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). We have not explicitly set forth the applicable standard of review of a district court's decision to grant or deny a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), but other courts that have considered this issue apply an abuse-of-discretion standard. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (citing *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)); *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008). We will apply the same standard here.

A district court may modify an imposed prison term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1]The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582. We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court "may" make this modification "after considering the factors set forth in section [18 U.S.C. §] 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" under Guidelines § 1B1.10. *Id.* Guidelines § 1B1.10(b)(2)(B) reads:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range . . . at the time of sentencing, a reduction comparably less than the amended guideline range . . . *may* be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(Emphasis added.)

Johnson's initial recommended Guidelines range was 108 to 135 months' imprisonment. The Court sentenced him to a non-Guidelines sentence of 54 months' imprisonment, far below the recommended range, based on the Government's formal motion for downward departure for cooperation and the applicable § 3553(a) sentencing factors. After adoption of the crack amendment, Johnson's revised Guidelines range, prior to any departure, was 87 to 108 months' imprisonment. This lower range resulted from a two-level change in Johnson's base offense level, from 29 to 27.

In denying Johnson's motion for a reduction in sentence, the District Court did not indicate that it was prohibited from further reducing Johnson's sentence. Rather, it noted that a further reduction "generally would not be appropriate" under the Guidelines policy set forth in § 1B1.10. It continued, stating:

3

In imposing the sentence [of 54 months' imprisonment,] I considered all the pertinent factors to determine a sentence that was not greater than necessary to achieve the objectives of the sentencing statute. The revision of the guideline range does not alter the conclusion that the sentence of 54 months is reasonable considering all the circumstances.[2]

Given the District Court's statements regarding the appropriateness of Johnson's sentence, we do not believe the Court improperly treated Guidelines § 1B1.10(b)(2)(B) as mandating a specific result, nor did it abuse its discretion in denying Johnson's motion to reduce his sentence further, which, in any event, remained well below the revised Guidelines range.

---

[2]At Johnson's sentencing hearing, the District Judge took great care to balance the applicable 18 U.S.C. § 3553(a) sentencing factors before arriving at his sentence. The Court specifically noted that, in determining an appropriate sentence, it could not overlook the seriousness of the offense, particularly because a firearm was involved. Nonetheless, the Court granted Johnson "a significant departure," and over two years "below the range that had been asked for by the Government."