**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FREEMAN DAVID CHENOWETH, JR.,

    Defendant - Appellant.

No. 24-5051
(D.C. No. 4:08-CR-00005-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

Freeman David Chenoweth, Jr., appeals the district court's ruling against reducing his sentence under 18 U.S.C. § 3582(c)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Chenoweth appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

Mr. Chenoweth pled guilty to extortion in 2007 and was sentenced to 84 months in prison.  While in custody, he pled guilty to soliciting the murder of the extortion victim's son, and was sentenced to 220 additional months.  In 2023, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The district court denied his motion, finding neither his rehabilitation nor his wife's cancer provided a basis for relief.  It also found the 18 U.S.C. § 3553(a) factors disfavored sentence reduction.

The district court then, sua sponte, considered whether the sentence should be lowered under § 3582(c)(2), which "authorizes a district court to reduce a sentence 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"  *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017) (quoting § 3582(c)(2)), *aff'd*, 585 U.S. 109 (2018).  It found Mr. Chenoweth eligible based on a Sentencing Guidelines amendment but denied relief based on the § 3553(a) factors.

## II. DISCUSSION

Mr. Chenoweth does not appeal the denial of his § 3582(c)(1)(A) compassionate release motion.  He instead argues the district court abused its discretion by sua sponte denying relief under § 3582(c)(2).  He contends the court relied solely on the nature and circumstances of his offenses without considering other § 3553(a) factors.  He also asserts that he would have made additional

2

arguments had he known the court would consider § 3582(c)(2). His arguments are unavailing.

Section 3582(c)(2) calls for "a two-step inquiry." *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018). First, a district court must determine whether a defendant is eligible for a sentence reduction based on a Guideline amendment. Second, the court "must consider whether a sentence reduction is warranted in accordance with the 18 U.S.C. § 3553(a) factors." *Id.* A reduction "is not mandatory but is instead committed to the sound discretion of the [district] court." *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996) (quotations omitted); *see also Green*, 886 F.3d at 1306–07 ("At the second step, a court's decision to reduce a sentence is discretionary."). Thus, we may reverse the denial of relief at the second step only if "we have a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Dorrough*, 84 F.3d at 1311 (quotations omitted).

The district court said that although Mr. Chenoweth was eligible for § 3582(c)(2) relief, the § 3553(a) factors "weigh heavily against" reducing his sentence. R. vol. I at 165. It pointed to the nature and circumstances of his offenses, including their seriousness. The court also noted the need to promote respect for the law, provide just punishment, and protect the public. It emphasized that Mr. Chenoweth threatened to murder the extortion victim and his family unless he was paid five million dollars; used personal information gained from his family relationship with the victim to make his threat credible; and then, "after he was

3

caught and convicted for the extortion attempt, . . . actively sought to have the murders of [the extortion victim's] wife and son carried out, and sought to have a federal law enforcement officer killed." *Id.* (quotations omitted). The court said he continued to plan the murder of the victim's son even after he had "feigned remorse by apologizing" during his first sentencing. *Id.* Mr. Chenoweth does not dispute these facts. We see no abuse of discretion in the district court's consideration of the § 3553(a) factors.

Mr. Chenoweth argues the district court erred by relying only on the nature and circumstances of his offenses without addressing other § 3553(a) factors. But the court also cited the need to promote respect for the law, provide just punishment, and protect the public. Also, "§ 3582(c)(2) only directs courts to *consider* the § 3553(a) factors," *Chavez-Meza*, 854 F.3d at 661, not explain each one. *Id.* at 658. The lack of an on-the-record discussion of all § 3553(a) factors does not require reversal. *See id.* (finding no abuse of discretion where district court granted a § 3582(c)(2) motion for less than the requested reduction without explaining its chosen sentence). The district court here addressed the § 3553(a) factors it found relevant.

Mr. Chenoweth also argues the district court erred by not considering his rehabilitation. But the court did so, and commended Mr. Chenoweth's rehabilitation efforts. Also, when evaluating a § 3582(c)(2) sentence reduction, a district court "certainly may consider the post-sentencing conduct of a defendant, [but] it is not required to do so." *United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016); *see also Green*, 886 F.3d at 1307 (district court acted within its discretion

when finding rehabilitation efforts did not overcome other considerations under § 3553(a)).

Finally, we see no abuse of discretion in the district court's taking up the § 3582(c)(2) issue sua sponte. The statute permits a court to consider such relief "on its own motion." § 3582(c)(2). Mr. Chenoweth's argument that he lacked sufficient opportunity show how the § 3553(a) factors support relief is not persuasive. Sections 3582(c)(1)(A) and 3582(c)(2) both require consideration of the § 3553(a) factors. In his § 3582(c)(1)(A) motion, Mr. Chenoweth argued why he believed those factors supported his early release, so he did have an opportunity to present his arguments.

### III. CONCLUSION

Because the district court did not abuse its discretion when it denied a sentence reduction under 18 U.S.C. § 3582(c)(2), we affirm.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

5