**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael ARCHER, Defendant–
Appellant.**

No. 00–4102.

United States Court of Appeals,
Sixth Circuit.

Jan. 3, 2002.

Before KEITH, KRUPANSKY, and
CLAY, Circuit Judges.

PER CURIAM.

Defendant–Appellant Michael Archer
appeals his conviction of conspiring to
manufacture and possess with intent to
distribute methamphetamine in violation of
21 U.S.C. § 846. After the jury found him
guilty. Archer was sentenced to 216
months in prison, based in part on the
district court's finding that Archer was
responsible for 94 grams of methamphet-
amine. While this appeal was pending, the
United States Supreme Court issued its
opinion in *Apprendi v. New Jersey,* 530
U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000). In *Apprendi,* the Court held that
"[o]ther than the fact of a prior conviction,
any fact that increases the penalty for a
crime beyond the prescribed statutory
maximum must be submitted to a jury, and
proved beyond a reasonable doubt." 530
U.S. at 490, 120 S.Ct. 2348. On appeal,
Archer argues that his sentence is uncon-
stitutional in light of *Apprendi,* because it
was based on a quantity of drugs that was
not proven to a jury beyond a reasonable
doubt.

This Circuit has held that *Apprendi* is
not violated when a district court deter-
mines a drug quantity under a prepon-
derance standard and then sentences the
defendant accordingly, as long as the re-
sulting sentence does not exceed the max-
imum sentence that could have been im-
posed absent a quantity determination.
*See United States v. Stafford,* 258 F.3d
465 (6th Cir.2001); *United States v. Gar-
cia,* 252 F.3d 838, 843 (6th Cir.2001).

In this case, Archer was found guilty of
conspiring to manufacture and possess

with intent to distribute an unspecified quantity of methamphetamine. Accordingly, he faced a statutory maximum sentence of twenty years under 21 U.S.C. § 841(b)(1)(C). He was ultimately sentenced to 216 months in prison, based in part on the district court's finding that Archer was responsible for more than 70 grams of methamphetamine. Because Archer could have been sentenced to up to 240 months in prison for an unspecified quantity of methamphetamine, his sentence, although based in part on a determination of drug quantity under a preponderance standard, does not violate *Apprendi*. Accordingly, we AFFIRM the judgment of the district court.