**UNITED STATES of America,**
Appellee,

v.

**Clifford MITCHELL, Defendant–Appellant.**

No. 08–3068–cr.

United States Court of Appeals,
Second Circuit.

June 4, 2009.

designation.

50

Robert J. Boyle, New York, N.Y., for Defendant–Appellant.

Monica J. Richards, Assistant United States Attorney, for Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Clifford Mitchell appeals from an Order of the United States District Court for the Western District of New York (Larimer, *J.*) dated June 10, 2008, denying his motion for a sentence reduction brought pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Mitchell raises two arguments in his appeal. The first is that the district court erred when it "apparently held" that the Sentencing Guidelines ("Guidelines") policy statement governing sentence reductions was mandatory even though Mitchell's motion was filed after the decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Assuming *arguendo* that the district court actually held this, Mitchell's argument is foreclosed by our decision in *United States v. Savoy*, 567 F.3d 71 (2d Cir.2009).

Mitchell argues next that the district court erred when it denied his motion for a sentence reduction. We review a district court's denial of a motion brought pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Borden*, 564 F.3d 100, 104 (2d Cir.2009). When presented with a § 3582(c)(2) motion, the district court first must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced. *See* U.S.S.G. § 1B1.10(b)(1). If the defendant is eligible, the district court then may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

Here, the district court determined that Mitchell was eligible for a sentence reduction, but it declined to grant his § 3582(c)(2) motion. Mitchell contends that this decision was an abuse of discretion for two main reasons: (1) the district court failed to give an explanation as to why it decided not to depart downward from the amended Guidelines range even though it had departed downward from the pre-amendment Guidelines range when it originally sentenced him; and (2) his sentence of 168 months is not warranted in light of the § 3553(a) factors. Neither of these arguments, however, persuades us that the district court abused its discretion in denying Mitchell's motion.

We have considered Mitchell's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**