[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-13310
Non-Argument Calendar

_____

D. C. Docket No. 97-00128-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC DARNEL TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 17, 2009)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Eric Darnel Taylor appeals his 270-month sentence imposed by

the district court after granting his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. First, he contends that the district court sentenced him without adequately considering the factors in § 3553(a), and failed to give an adequate explanation for the sentence it imposed. Second, he contends that his sentence was substantively unreasonable under the factors in § 3553(a).

"We review a district court's decision whether to reduce a sentence pursuant to [18 U.S.C.] § 3582(c)(2) for abuse of discretion." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose a new sentence under the recalculated guideline range or retain the original

sentence. *Id.* at 781. When considering whether and to what extent a reduction is warranted, the district court shall consider the § 3553(a) factors and public safety concerns, and it may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)). "[A] district court commits no reversible error by failing to articulate specifically the applicability–if any–of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

Based on a review of the record and the parties' briefs, we hold that the district court adequately considered the sentencing factors in 18 U.S.C. § 3553(a), and provided an adequate explanation for the sentence it imposed on Taylor. We also hold that the district court did not abuse its discretion in reducing Taylor's sentence to 270 months' imprisonment. Accordingly, we affirm Taylor's sentence.

**AFFIRMED.**