**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0046n.06

No. 08-3612

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 25, 2010**

LEONARD GREEN, Clerk

UNITED STAES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MICHAEL ARCHER,
        *Defendant-Appellant.*

On Appeal from the
United States District Court for
the Southern District of Ohio

_____

Before:  KENNEDY, COLE, and GRIFFIN, Circuit Judges.

   **KENNEDY, J.**   Michael Archer appeals a district court order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 591 to the sentencing guidelines.  Archer asserts that the district court abused its discretion when it refused to excise from his sentence the 67 additional months in prison he received, pursuant to section 2D1.10 of the sentencing guidelines, for endangering human life.  For the reasons discussed below, we AFFIRM the district court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

   On September 8, 1999, Defendant-Appellant Michael Archer was convicted of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C §§ 841(a)(1) and 846.  On August 17, 2000, Archer was sentenced by the district court to serve 216 months in prison, the middle of the 188-to-235-month United States Sentencing Guidelines

("USSG") range initially calculated by the court. In its attempt to formulate the most appropriate sentencing range for Archer, the court relied on the facts and recommendations presented in the Presentence Investigation Report, as well as the evidence and testimony presented at trial and at the July 19, 2000, sentencing hearing. Based on these sources, on August 16, 2000, the court issued an Opinion and Order that made several findings pertinent to the court's sentencing guidelines calculation. (*Id.*) First, the court found that Archer could be attributed with up to 94 grams of actual methamphetamine. The court also found that Archer was the "brains" behind the methamphetamine manufacturing operation itself and was exclusively in charge of "all matters relating to the operation of the laboratory." As such, the court found Archer to have had a managerial role in the conspiracy. Next, the court found that Archer had "endangered human life" while engaging in the relevant criminal conduct. This finding was based on the fact that multiple people "frequented the residence on a regular basis" and that–according to the testimony of DEA Chemist Peter Poole–there was a danger of noxious chemical release that could cause both ignition and bodily harm upon inhalation. Finally, the court found that Archer had essentially no relevant criminal history that should count against him.

Based on these findings, the court calculated the applicable sentencing guidelines range in the following way. Pursuant to USSG § 2D1.1, the court started with a base offense level of 30 based on the total amount of actual methamphetamine that was attributable to Archer. Based on USSG § 3B1.1(b), the court added a three-point enhancement for Archer's managerial role in the crime. The court then added an additional three-point enhancement, based on USSG § 2D1.10,

because Archer had endangered life while manufacturing methamphetamine.[1]  Finally, the court used Criminal History Category I because Archer had no relevant criminal record prior to the conviction in question.  When properly calculated together, these factors and enhancements amounted to a sentencing range of 188 to 235 months.  The court then selected the middle of the range and sentenced Archer to 216 months in prison.  Archer appealed this sentence directly, and this Court affirmed the sentence.  *United States v. Archer*, 58 F. App'x 49 (6th Cir. 2002).

On November 28, 2007, Archer filed a motion for modification of sentence based on 18 U.S.C. § 3582(c)(2), which grants district courts the authority to reduce the term of imprisonment of convicts whose sentences were based on a sentencing range that has subsequently been lowered by the Sentencing Commission during its periodic review of the sentencing guidelines.  In his motion, Archer alleged that USSG Amendment 591, which became effective on November 1, 2000, retroactively barred application of any guideline in the absence of a conviction under a statute referenced to that guideline in the Guidelines' Statutory Index.  Because USSG § 2D1.10 is only referenced to by 21 U.S.C. § 858–a statute which Archer was not convicted of violating–Archer argued that the three-point enhancement he received under USSG § 2D1.10 should be excised and his sentence should accordingly be reduced.  The government challenged Archer's motion, however, and argued that the district court was not obliged to reduce the sentence under section 3582(c), that Archer alternatively could have been given a two-point enhancement under USSG § 5K2.14 for endangering life, and that Archer's underlying conduct merited the original sentence.

---

[1]Archer notes that this additional three-point assessment corresponded to an additional 67 months in prison that would not otherwise have been added to his sentence.

3

On April 30, 2008, the district court issued an order denying Archer's motion. (R.110.) The court explained that, according to section 3582(c)(2), it was required to consider anew the sentencing factors set forth in 18 U.S.C. 3553(a). The court listed the factors from section 3553(a) it found relevant to Archer's case: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law; 4) whether the sentence provides just punishment for the offense; 5) whether the sentence is an adequate deterrence to criminal conduct; 6) whether the sentence will protect the public from further crimes of the defendant; and 7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The court also recounted several of the facts set forth in the original sentencing decision, namely, that "multiple people visited the home and that the chemical residence [sic] from the substances in the laboratory could cause lung damage" and also that "DNA [sic] chemist, Peter Poole, testified that the glass apparatus and the chemicals the Defendant used could ignite the residence, as well as pose other hazards such as poisonous phosphine gas." (R.110, pp. 3-4.) The court then noted that it agreed with the government's position that Archer could still have been given a two-point sentence enhancement under USSG § 5K2.14 for endangering the lives of others even if the three-point enhancement of USSG § 2D1.10 were no longer applicable to Archer's case. (R.110, p.4.) Finally, the court briefly reviewed Archer's argument that Amendment 591 retroactively barred application of § 2D1.10 to his sentence. (*Id.*) The court, however, did not specifically resolve that issue. (*Id.*) Instead, the court stated:

> Regardless of whether Amendment 591 applies to Defendant's case, the Court finds that Defendant's sentence was appropriate . . . . Whether sentencing with an enhancement under § 2D1.10 or § 5K1.14 [sic], or considering the § 3553 factors

4

such as whether the sentence provides just punishment for the offense, whether the sentence is an adequate deterrence to criminal conduct, and whether the sentence will protect the public from further crime of defendant, Defendant's sentence in this case is justified.

(*Id.*)

This appeal followed.

**DISCUSSION**    Archer's argument on appeal is that the district court committed reversible error when it denied his motion for a 18 U.S.C. § 3582(c)(2) sentence reduction. Archer specifically argues that the district court should have applied Amendment 591 and reduced his sentence. According to Archer, Amendment 591 bars USSG § 2D1.10's application to Archer's sentence, and his sentence should consequently be reduced by 67 months to account for the part of his sentence that was derived from the USSG § 2D1.10 enhancement. Archer also argues that the court committed error by failing to adequately consider the sentencing factors set out in section 3553(a) and by improperly relying on USSG § 5K2.14 to justify its decision.

Archer focuses most of his attention on the applicability of Amendment 591 to USSG § 2D1.10. After highlighting the district court's allegedly erroneous statement that the law is "unsettled as to whether the amendment applies in situations such as this," Archer argues that Amendment 591 clearly *does* apply to § 2D1.10 and that the court erred by not applying it retroactively to Archer's sentence. This argument misconstrues the basis of the district court's decision. Although the court indicated that the applicability of Amendment 591 is unsettled, it did *not* make the determination that the amendment did not apply to USSG § 2D1.10 or to Archer's

sentence. Instead, the court stated: "*Regardless of* whether Amendment 591 applies to Defendant's case, the Court finds that Defendant's sentence was appropriate." (Emphasis added.) The court then added:

> Whether sentencing with an enhancement under § 2D1.10 or § 5K1.14 [sic], or considering the § 3553 factors such as whether the sentence provides just punishment for the offense, whether the sentence is an adequate deterrence to criminal conduct, and whether the sentence will protect the public from further crimes of the defendant, Defendant's sentence in this case is justified.

These statements indicate that the court found Archer's initial sentence appropriate under any of three grounds: the section 3553(a) factors, USSG § 5K2.14 of the sentencing guidelines, or the original USSG § 2D1.10 enhancement itself. Thus, the court's denial of Archer's section 3582(c) motion can be affirmed if at least one of the court's alternative justifications for affirming the initial sentence is adequate.

We need look no further than the district court's application of the section 3553(a) sentencing factors to find an adequate justification for its decision. We generally review a district court's denial of a 3582(c)(2) motion for abuse of discretion.[2] *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Johnson*,

---

[2]In arguing that the district court improperly refused to apply Amendment 591 retroactively here, Archer argues that the standard of review is de novo. However, with respect to the district court's ultimate ruling on the motion (and consideration of the section 3553(a) factors therein), Archer agrees that the proper standard of review is abuse of discretion.

We also note that the following analysis would be the same even were we to accept Archer's contention that Amendment 591 applies to USSG § 2D1.10 and should retroactively be applied to Archer's sentence. This is because the district court "has the discretion to decline to modify a defendant's sentence even if the applicable guideline range *is* lowered." *United States, v. Wesley*, No. 99-5826, 2000 WL 799783, at *2 (6th Cir. June 14, 2000) (citing *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997)). Therefore, the court's decision would still be reviewed for abuse of discretion.

6

569 F.3d 619, 623 (6th Cir. 2009) (quoting *United States v. Larry Carter*, 463 F.3d 526, 528 (6th

Cir. 2006)) (quotation marks omitted).  In order to reverse the district court's order, then, we must

have a "definite and firm conviction that the trial court committed a clear error of judgment." *United

States v. City of Warren*, 138 F.3d 1083, 1095 (6th Cir. 1998) (quoting *Logan v. Dayton Hudson

Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)) (quotation marks omitted).

Section 3582(c)(2) states the following:

> (c) Modification of an imposed term of imprisonment.–The court may not modify a
> term of imprisonment once it has been imposed except that--
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to the
> extent they are applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  This provision makes clear that the district court has discretion whether or

not to grant a sentence reduction via this procedural mechanism. *See id.*  ("[T]he court *may* reduce

the term of imprisonment . . . ." (emphasis added)).  But the statute is also clear that the court, when

ruling on such a motion, must at least consider the factors laid out in 18 U.S.C. § 3553(a). *Id.*

Section 3553(a) lists the following factors that the district court should consider:

> (a) Factors to be considered in imposing a sentence.–The court shall impose a
> sentence sufficient, but not greater than necessary, to comply with the purposes set
> forth in paragraph (2) of this subsection.  The court, in determining the particular
> sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of
> the defendant;

7

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission . . . subject to any amendments made to such guidelines . . . ;
. . .
(5) any pertinent policy statement--

(i) issued by the Sentencing Commission . . .;
. . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Although the court must consider these factors when ruling on a section 3582(c)(2) motion, the court's burden to explain its execution of this requirement is not heavy. "There is no requirement . . . that a district court engage in a ritualistic incantation to establish consideration" of the factors set out in section 3553(a). *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999) (quoting *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998)) (internal quotation marks omitted);

*see also United States v. Shockley*, No. 00-6078, 2001 WL 1216993, at \*3 (6th Cir. Oct. 2, 2001) ("[T]he district court was not required to recite any 'magic words' explaining . . . how it weighed the factors set out in § 3553." (citation omitted)).  The district court also need not make specific findings relating to each of the factors considered.  *McClellan*, 164 F.3d at 310.   However, the record must reflect that the district court actually considered the 3553(a) factors, and the court must "satisf[y] the appellate court that [the judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *United States v. Moncrief*, No. 07-3803, 2009 WL 3644676, at \*3 (6th Cir. Nov. 5, 2009) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotation marks omitted) (second alteration in original).[3]

In the instant case, although the district court could have been much clearer about what it was doing, we cannot say that its order amounted to an abuse of discretion.  In its opinion, the court first recited the portion of section 3582(c)(2) that requires district courts to consider the section 3553(a) factors.  The court then listed several of the factors that it explicitly deemed "relevant" to Defendant's request.  The court later recited the evidence used in the original sentencing decision to support the finding that Archer had endangered the lives of others.[4]  Finally, the court stated that the original sentence is justified "considering the § 3553 factors such as whether the sentence provides just punishment for the offense, whether the sentence is an adequate deterrence to criminal

---

[3]It bears noting that several of the foregoing standards originated in the context of direct reviews of a district court's initial imposition of a sentence. Although "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant . . .," USSG § 1B1.10(A)(3), both the initial sentencing process and court's consideration of a 3582(c)(2) motion require compliance with section 3553(a) (i.e. consideration of the factors therein).  Accordingly, the same standards can apply in both contexts, at least with respect to consideration of the section 3553(a) factors.

[4]Whether these facts are in fact supported by the record is discussed below.

conduct, and whether the sentence will protect the public from further crimes of defendant." These statements reflect that the court understood its responsibility under section 3553(a) and sufficiently considered the 3553(a) factors in light of the facts in this case. Archer claims that the court's recitation of the 3553(a) factors was "mere boilerplate" and not a real analysis. But, as stated above, there are no magic words that must be recited to indicate sufficient consideration of the sentencing factors. *McClellan*, 164 F.3d at 310; *see also Shockley*, 2001 WL 1216993, at *3. Based on what the court did say, we cannot say that it failed to give due consideration to the 3553 factors. Accordingly, the court's ruling was not an abuse of discretion.

We also note that our ruling is in line with the vast majority of existing precedent resolving similar appeals. *See United States v. Cooley*, No. 08-30604, 2009 WL 4642610, at *3 (5th Cir. Dec. 9, 2009); *United States v. Taylor*, No. 09-13310, 2009 WL 3824822, at *1 (11th Cir. Nov. 17, 2009); *United States v. Mitchell*, No. 08-3068-cr, 2009 WL 1561257, at *1 (2d Cir. June 4, 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). The only cases to the contrary are distinguishable because the lower court decisions in those cases completely failed to indicate that the factors were considered or did not indicate which ones were relevant to the court's decision. *See United States v. Nelson*, No. 08-6076, 2008 WL 5249442, at *4 (10th Cir. Dec. 18, 2008) (remanding case for reconsideration because court failed to identify any specific factors that it found relevant in its decision); *United States v. Edwards*, No. 97-60326, 1998 WL 546471, at *3 (5th Cir. Aug. 6, 1998) ("This [decision] by the district court failed to indicate in any way which factors it found relevant to its decision . . . .").

The court's ruling would also be reversible had the facts on which it relied been clearly erroneous. The district court, in its initial determination of Archer's sentence, found that Archer

endangered the lives of others while engaging in his criminal conduct. Then, when ruling on Archer's section 3582(c) motion for a sentence reduction, the court again relied on this finding. We think that this finding is sufficiently supported by the record and is not clearly erroneous. First, there is testimony in the record indicating that multiple people frequented the house in question. Second, the government tendered the expert testimony of a DEA chemist who explained the inherent dangers associated with the manufacture of methamphetamine. With this evidence on the record, we cannot say that the district court clearly erred in finding that Archer endangered the lives of others.

Because we find that the district court's order is sufficiently justified by its application of the section 3553(a) sentencing factors, we need not address the district court's other justifications for its ultimate ruling that Archer's 3582(c) motion should be denied.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court denying Defendant's motion for sentence reduction.