KAREN NELSON MOORE, Circuit Judge,
dissenting.
Unlike the majority, I conclude that the district court’s terse explanation for denying Holland’s motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) does not evidence sufficient consideration of the relevant factors set forth in 18 U.S.C. § 3553(a). Therefore, I respectfully dissent.
In a § 3582(c)(2) proceeding, the district court is required to “consider[ ] the factors set forth in [§ ] 3553(a) to the extent that they are applicable.” 18 U.S.C. § 3582(c)(2). Furthermore, “the [district] court must satisfy the appellate court that [it] has considered the parties’ arguments and has a reasoned basis for exercising [its] own legal decision-making authority.” United States v. Archer, 362 Fed.Appx. 491, 496 (6th Cir.2010) (unpublished decision) (internal quotation marks and brackets omitted); see also United States v. Marion, 590 F.3d 475, 477 (7th Cir.2009) (explaining that, in a § 3582(c)(2) proceeding, a district court must provide “[s]ome statement of [its] reasoning” so that the appellate court is “able to meaningfully review [the district court’s] decision”). Here, the district court’s summary adoption of the Government’s response is simply insufficient. Although the Government’s memorandum did address, in one paragraph, some of the § 3553(a) factors, there is no indication as to whether the district court conducted' its own independent review of these factors or merely relied upon the arguments presented in a *472 terse, summary filing that was by its very nature one-sided.
United States v. Curry, 606 F.3d 323 (6th Cir.2010), is not to the contrary. In Curry, the panel relied, in part, upon the fact that there had already been two prior sentencing hearings during which the district court had analyzed the relevant § 3553(a) factors, one of which occurred after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Curry, 606 F.3d at 331. Here, by contrast, Holland’s only prior sentencing hearing occurred well before Booker, and as a result, the district court had not previously weighed any of the § 3553(a) factors, resulting in a record that was less developed than it was in Curry. Furthermore, in Curry, the district judge who denied the § 3582(c)(2) motion expressly acknowledged having reviewed the record and having considered the § 3553(a) factors, something the district judge here never did. To the degree that Curry suggests that, absent a prior post-Booker sentencing hearing, a district court’s mere incorporation of a Government’s sentencing memorandum satisfies the court’s obligation to consider the § 3553(a) factors, this is mere dicta.
I respectfully dissent.