**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0261n.06

No. 09-4520

**FILED**

***Apr 25, 2011***

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DARNELL NESBIT,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

_____/

BEFORE:    GUY, CLAY, and MCKEAGUE, Circuit Judges.

     **CLAY, Circuit Judge.** Defendant Darnell Nesbit, proceeding *pro se*, appeals the order of

the district court that reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court

reduced Defendant's sentence from 150 to 140 months of imprisonment. For the reasons that follow,

Defendant's appeal is **DISMISSED in part**, and the decision of the district court is **AFFIRMED**.

## BACKGROUND

On June 14, 2006, Defendant and others were indicted for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860(a). On December 18, 2006, the government filed an information pursuant to 21 U.S.C. § 851 to establish a prior conviction. On March 19, 2007, the jury convicted Defendant of three counts of possession with intent to distribute cocaine base within 1,000 feet of school property in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a).

Based on the calculations in the presentence report ("PSR"), Defendant was assigned a criminal history category of VI and an adjusted base offense level of 28, producing a Guidelines sentencing range of 140 to 175 months of imprisonment. At the sentencing hearing, Defendant sought a two-level reduction for acceptance of responsibility due to his testimony at trial and his pre-trial willingness—had a favorable deal with the government been reached—to plead guilty. The district court denied Defendant's request, stating:

> Mr. Nesbit, I found your testimony to be completely lacking credibility. I found it amazing that you admitted conduct proven beyond all possible doubt, and yet any other conduct, you denied. And this court has to take into consideration whether you truthfully admitted all [] relevant conduct, and you simply didn't. You testified to only those portions that were convenient for you. [] I do not believe you have completely accepted responsibility. I will not afford you the two level adjustment.

Defendant's counsel then outlined Defendant's background and asked that Defendant be sentenced to the lowest end of the Guidelines range. Defendant did not request a variance based on the Guidelines' disparate treatment of crack and cocaine offenses.

The district court sentenced Defendant to 150 months of incarceration, followed by six years of supervised release, stating that:

> This Court does in fact find this sentence to be reasonable. It is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in 3553(a). The court has taken into consideration, number one, how serious this offense is, or was; number two, the large number (30) of criminal history points. In fact Mr. Nesbit, you are very fortunate that you are not a career offender, but the court did not give you more time because I did in fact take into consideration all of the statements made by your attorney regarding acceptance of responsibility. I do not believe you should get a technical adjustment for it, because you did not admit to all relevant conduct. However, you did go as far as to make some admissions, and that is why I gave you a sentence of 150 and not greater.

Defendant filed a timely notice of appeal on May 18, 2007.

On September 16, 2009, during the pendency of Defendant's direct appeal of his original sentence, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the U.S. Sentencing Guidelines, which, together with Amendment 713, retroactively reduced the base offense levels applicable to crack cocaine offenses. Defendant argued that under the amended Guidelines, his base offense level would be 26, instead of 28, which would yield a Guidelines range of 120 to 150 months of imprisonment. On October 2, 2009, prior to the government's response, the district court granted Defendant's motion and reduced his sentence from 150 months of imprisonment to 120 months of imprisonment.

On October 5, 2009, the government filed a "Motion for Reconsideration and Response in Opposition to Defendant's Motion for Sentence Reduction." The government argued that the district court should deny Defendant's motion based on public safety concerns, noting that Defendant was one of 28 others convicted of distributing crack cocaine as part of a criminal organization. The government highlighted that Defendant had been incarcerated "20 times up through the time of the

offense charged in this case" on charges that include "fleeing from the police, attempted receipt of stolen property, criminal mischief and numerous narcotics offenses." The government also provided documentation that Defendant had committed numerous violations while in prison, including "attempting to bite corrections officers, refusing to obey orders, engaging in sexual acts, defecating on the floor, and possession of unauthorized items."

On October 8, 2009, the district court vacated its October 2, 2009 order, stating that it had "miscalculated the time allowed for a Brief in Opposition." The court therefore considered the government's October 5, 2009 filing as its brief in opposition. The court ordered that the "Reply Brief is to be filed on or before October 15, 2009."

On October 23, 2009, Defendant filed his reply. Defendant asked the district court to ignore his prior criminal history in considering a sentence reduction because the court already considered his prior criminal history at the original sentencing. To the extent Defendant has committed misconduct in prison since his incarceration, Defendant stated that "[t]he way to deal with [Defendant's] behavior while incarcerated is through sanctions at the institution, not through also ripping away from him his eligibility for a sentence reduction."

On November 5, 2009, before the district court ruled on Defendant's motion for a sentence reduction, this Court affirmed the original sentence imposed by the district court. *See United States v. Nesbit*, 350 F. App'x 984 (6th Cir. 2009). On November 10, 2009, the district court granted Defendant's motion for a sentence reduction pursuant to § 3582(c)(2), reducing his sentence from 150 months to 140 months of incarceration. The court reasoned as follows:

> THE REDUCED SENTENCE ADEQUATELY TAKES INTO ACCOUNT 18 U.S.C. § 3582(C)(2) AND AMENDMENT 706, AS WELL AS THE SERIOUS

ISSUES OF POST-SENTENCING CONDUCT AND PUBLIC SAFETY AS OUTLINED IN THE BRIEF IN OPPOSITION.

On November 30, 2009, Defendant filed this timely appeal.

## DISCUSSION

Defendant makes three arguments on appeal, namely that: 1) his initial sentence was contrary to law; 2) he received ineffective assistance of counsel on direct appeal of his original sentence; and 3) the district court abused its discretion by declining to further reduce Defendant's sentence. As discussed below, we dismiss the first two arguments as not properly presented, and find, as to the third argument, that the district court did not abuse its discretion.

## I.      Challenge to Original Sentence

Defendant argues that the district court "incorrectly applied mandatory min. sentence;" the "law I want applied is 21 U.S.C. 841(A)(1) & (B)(1)(C) Not 21 U.S.C. 841(A)(1)(B)(1)(B) or (B)(1)(A);" "[t]he P.S.I. is wrong and if straighten out it would determine a correct sentence;" "150 months is to[o] much for Counts 35, 37, & 43 each;" and "21 U.S.C. 841(A)(1) & (B)(1)(C) neither one able to trigger an enhancement [] for the mandatory sentence I am sentence to."

Defendant's challenges to his original sentence are not properly before us. Defendant previously appealed his original sentence, and the scope of the present appeal is limited to the order reducing his sentence under 18 U.S.C. § 3852. *See, e.g.*, *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) (holding that on a § 3582 appeal, "the only cognizable issue is whether the district court erred in denying the motion" for a sentence reduction); *United States v. Goodloe*, 388 F. App'x 500, 503 (6th Cir. 2010) (stating that a "§ 3582 motion is not an attack on the original sentence").

Accordingly, Defendant's challenges to his original sentence are **DISMISSED**.

## II.    Ineffective Assistance of Counsel

Defendant argues, without elaboration, that he received ineffective assistance of counsel on the direct appeal of his original sentence. Defendant did not raise this claim below, and for this reason we decline to consider the claim at this time. *See United States v. Warman*, 578 F.3d 320, 348 (6th Cir. 2009). As we have stated, a defendant:

> may not raise ineffective-assistance-of-counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. We have routinely concluded that such claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record[.]

*Id.* (internal quotation marks and citations omitted).

Accordingly, Defendant's claim of ineffective assistance of counsel is **DISMISSED** without prejudice to Defendant raising the claim in a post-conviction proceeding under 28 U.S.C. § 2255.

## III.    Sentence Reduction under 18 U.S.C. § 3582

We now turn to Defendant's argument that the district court abused its discretion in reducing his sentence by only ten months. As explained below, we find no abuse of discretion.

### A.    Standard of Review

"A motion for modification made under 18 U.S.C. § 3582(c)(2) is reviewed for an abuse of discretion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *see also United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("Section 3582 does not create a right to reduced

sentence"). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005). "When reviewing the district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and mixed questions of law and fact *de novo*." *United States v. May*, 568 F.3d 597, 604 (6th Cir. 2009).

Although a federal court generally may not modify a sentence once imposed, 28 U.S.C. § 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Supreme Court described § 3582(c)(2) as establishing a two-part inquiry. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010). First, a court must determine whether a defendant is eligible for a reduction consistent with the applicable Guidelines policy statement, here, U.S.S.G. § 1B1.10. The government does not contest Defendant's eligibility for a reduction in this case.

Second, the court must consider whether and to what extent any authorized reduction is warranted in the particular case. *See Dillon*, 130 S. Ct at 2691-92. This inquiry "shall" include consideration of the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may" include consideration of the "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, note 1.

**B.     Application**

Defendant states, with little elaboration, that the district court abused its discretion by reducing his sentence only by 10 months, from 150 to 140 months. We disagree.

A review of the record reveals that the district court explained the basis for its decision, namely that the reduction was based on considerations of public safety and Defendant's post-conviction conduct in prison, which the government detailed in its brief below. *See United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) ("Some statement of the district court's reasoning is necessary for this court to be able to meaningfully review the district court's decision to impose a 151-month amended sentence.") (citing *United States v. Archer*, 362 F. App'x 491, 496 (6th Cir. 2010)). The record does not suggest that the district court failed to consider any specific factor advanced by Defendant. In fact, Defendant's motion below did not specifically enumerate any considerations for the court to consider.

Accordingly, under these circumstances, we find that the district court did not abuse its discretion in reducing Defendant's sentence from 150 to 140 months under 18 U.S.C. § 3582(c)(2).[1]

## CONCLUSION

For the reasons set forth below, Defendant's appeal is **DISMISSED in part**, and the decision of the district court **AFFIRMED**.

---

[1]We briefly note Defendant's additional argument that the district court "did not let me object to the Addendum." It is unclear to what "Addendum" Defendant refers. Presumably Defendant is referring to the exhibit annexed to the government's October 5, 2009 brief in opposition to Defendant's motion for a sentence reduction. Nothing in the record suggests that the district court did not permit Defendant to object to the government's response.